**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JOSHUA CONNERS** **PLAINTIFF**
***#2871523***

**v.** **No: 4:26-cv-00759-LPR-PSH**

**FAULKNER COUNTY**
**SHERIFF'S OFFICE, *et al.*** **DEFENDANTS**

**ORDER**

Joshua Conners, a detainee at the Faulkner County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 24, 2026 (Doc. No. 2). The Court granted Conners' request to proceed *in forma pauperis* and gave him the opportunity to file an amended complaint to narrow and clarify his claims (Doc. No. 4). In that order, the Court noted that Conners may not combine a lawsuit challenging his arrest with a lawsuit about his treatment at the Faulkner County Detention Center. Conners has not filed an amended complaint. He will be afforded one final opportunity to narrow and clarify his claims by filing an amended complaint within 30 days from the date of this Order. Conners must choose to pursue claims relating to his arrest ***or*** claims relating to the conditions of confinement at the Faulkner County Detention Center. If he pursues claims pertaining to his confinement, he must name individual defendants responsible for those conditions or violations of his rights, specify whether he is suing those defendants in their

individual and/or official capacities,[1] and describe the involvement of ***each*** named defendant in the alleged violations of his rights.[2] Conners should note that a jail or detention center is not an entity subject to suit under § 1983. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (citing *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001)).

The Clerk of Court is directed to send Conners a blank § 1983 form. Conners is directed to follow the instructions on the § 1983 form while writing his complaint. He is cautioned that an amended complaint will render his prior complaint without legal effect; only claims properly set out in the amended complaint will be allowed

---

[1] Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against the defendants in their official capacities is in essence a suit against the county itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, defendant county employees can only be held liable in their official capacities if a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

[2] A defendant may not be held liable under § 1983 unless he or she was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Additionally, the law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

to proceed. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). In the event Conners fails to file an amended complaint conforming to this order within thirty days, the Court may recommend the dismissal of some or all of his claims.

IT IS SO ORDERED this 29th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE